UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| G. MICHAEL STRAUSS, | |
| Plaintiff, | CASE NO. C10-5646BHS |
| v. | |
| SUSAN N. DREYFUS, et al., | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. 12) under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 23, 2010, Defendants moved to dismiss Plaintiff's ("Strauss") claims under Rule 12(b)(6). Dkt. 12. On January 18, 2011, Strauss opposed the motion to dismiss. Dkt. 13. On January 21, 2011, Defendants replied. Dkt. 14.

**II. FACTUAL BACKGROUND**

This case arises out of Strauss' wage challenge under the Fair Labor Standards Act ("FSLA"), 29 U.S.C. § 201, et seq. Strauss alleges that Defendants "have failed and or

ORDER - 1

refused to pay applicable minimum or legal wages to involuntarily civilly committed residents of the Special Commitment Center" ("SCC"). Complaint (Dkt. 3) ¶ 1.1.

Strauss is an involuntarily, civilly committed resident of the SCC. Defendants are each individuals: (1) Susan Dreyfus, Secretary of the Washington State Department of Social and Health Services ("DSHS"); (2) Kelly Cunningham, Superintendent at the SCC; (3) Henry Richards, Superintendent at the SCC; and (3) John or Jane Does who are employees of DSHS or the SCC. *Id*. ¶¶ 2.1-2.5. Strauss has not directly sued the State of Washington or any of its agencies for the alleged failure to pay wages.

Strauss alleges that he was an employee of the SCC as defined by 29 U.S.C. § 203(e)(2)(C). *Id*. ¶ 5.1. Strauss further alleges that he and other purported class members[1] "worked for Defendants but were not paid the then applicable federally mandated minimum wage." *Id*. ¶ 5.4. Based on these allegations, Strauss contends that "Defendants willfully violated the [FLSA] by refusing to pay Plaintiff . . . minimum wages for hours worked." *Id*. ¶ 5.8.

Strauss seeks a declaratory judgment that Defendants violated the FLSA and an injunction ordering Defendants to pay Plaintiff and the class the proper wages going forward into the future. Strauss also seeks a judgement for past wages, liquidated damages, and reasonable attorney fees. *Id*. ¶¶ 6.1-6.2, 6.5-6.7.

Defendants oppose Strauss' complaint and argue that FLSA suits of this nature are barred by Eleventh Amendment immunity.

**III. DISCUSSION**

The Eleventh Amendment to the United States Constitution provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

---

[1] Strauss appears to be filing a class action; however, this order need not address any issues relating to the purported class, as the case is without merit and is dismissed herein.

ORDER - 2

> the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const., Amdt. 11. This immunity is extended to state agencies and state officers to the extent they act on behalf of the state. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *see also O'Connor v. State of Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) ("It is clear that under the eleventh amendment a state or its agencies cannot be sued in federal court without its consent."). The Eleventh Amendment also bars suits for judgment declaring that state officers violated federal law in the past. *See, e.g., Han v. United States Dep't of Justice*, 45 F.3d 333, 338 (9th Cir. 1995). Eleventh Amendment immunity extends to suits for equitable relief and those for damages. *See, e.g., Seminole Tribe v. Florida,* 517 U.S. 44, 58 (1996).

The United States Supreme Court carved out a narrow exception to these rules in *Ex Parte Young*, 209 U.S. 123, 155-156, (1908) (holding that state officials sued in their official capacities do not have immunity from a suit seeking prospective injunctive relief from violations of federal law). However, this narrow exception does not apply in cases where the real party in interest is the state and not the named individual state officers. The state is considered the real party in interest when it, rather than the individuals, will be subject to any judgment ordered or when such judgment would impact important sovereign interests. *Pennhurst*, 465 U.S. at 101. When a suit is one against the state and not its officials, it is barred regardless of the relief sought. *Id*. at 102.

In the present matter, Strauss seeks relief for which a judgment in his favor would operate against the state and not the individually named Defendants; payment of wages comes from the state and not from the named Defendants, who are employees of the state. In short, Strauss' complaint is actually against the state, which makes the named Defendants nominal. Therefore, absent some other exception, the Eleventh Amendment bars Strauss' suit.

Strauss, however, does not argue for application of this narrow exception; instead, he argues that the Eleventh Amendment does not apply because its applicability was abrogated by FLSA, enacted under the Interstate Commerce Clause of the United States Constitution. *See, e.g.,* Dkt. 13 at 4. This position is unavailing, as the United States Supreme Court has roundly rejected such a position. *See Seminole Tribe*, 517 U.S. at 73 (overruling *Pennsylvania v. Union Gas Co.*, 491 U.S. 1 (1989), and holding that Congress may not abrogate the states' Eleventh Amendment immunity by enacting legislation pursuant to the Interstate Commerce Clause, no matter how clear its intent to do so may be). To the extent Strauss argues that the FLSA abrogated Eleventh Amendment immunity, this Court must reject that position. *See id.*

Therefore, based on the foregoing, the Court concludes that Strauss has failed to state a claim for which relief can be granted, which is grounds for dismissal under Fed. R. Civ. P. 12(b)(6).

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss under Rule 12(b)(6) is **GRANTED** and this matter is closed.

DATED this 2nd day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge